UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL BLANC** | **CIVIL ACTION NO. 11-387-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Michael Blanc ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on March 4, 2011. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Jerry Goodwin as respondent.

On June 2, 1986, Petitioner pleaded guilty to one count of first degree murder in Louisiana's Twenty-Sixth Judicial District Court, Parish of Webster. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges the indictment was invalid.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). However, where a state prisoner's federal <u>habeas</u> petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. <u>See</u> <u>United States v. Flores</u>, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

It appears Petitioner's conviction and sentence became final in 1986, prior to the enactment of the AEDPA. Petitioner was convicted and sentenced on June 2, 1986. He did not seek direct review of his conviction and sentence. Therefore, Petitioner's conviction and sentence became final in 1986. <u>See</u> La. C.Cr.P. art. 914.

It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997. Thus, Petitioner's one-year

period to file for federal habeas relief ended on April 24, 1997. The federal petition currently before the Court was received and filed in this Court on March 4, 2011, more than 13 years too late.

In addition, the post-conviction proceedings initiated by Petitioner in 2008 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Petitioner filed a motion to correct illegal sentence in the Twenty-Sixth Judicial District Court on April 14, 2008. Review of this motion continued until the Supreme Court of Louisiana denied relief on August 18, 2010. State ex. rel. Blanc v. State, 2008-KH-2405 (La. 8/18/10). To toll the federal limitation period at all, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file this motion until April 2008, more than ten years after the limitation period had already expired in April 1997.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 12 day of December 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE